J-S79016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEROME KING, | |
| Appellant | No. 3136 EDA 2013 |

Appeal from the PCRA Order of October 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0401961-2006

BEFORE: ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 24, 2015**

Appellant, Jerome King, appeals from an order entered on October 18, 2013 in the Criminal Division of the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history in this case as follows:

> On September 13, 2003 at approximately 11:30 pm, Romaine Wells (also identified as "Romaine" or "Ali") and his cousin John Wells (victim/decedent, also identified on the record as "John" or "J-Balls") agreed to go to Dooner's [B]ar located at 2748 North 29th Street in the City and County of Philadelphia. John and Romaine parked across the street from the bar and went inside. After ordering a beer, John walked to the jukebox located in the center of the bar.
>
> A short time later, [Appellant] (also identified as "Lemon") and Ed [Edward Jackson] arrived at the bar on their bicycles. [Appellant] talked briefly with Kevin Jackson [no relation to

*Retired Senior Judge assigned to the Superior Court.

Edward Jackson], who was sitting outside the bar, then both [Appellant] and Ed dropped their bicycles on the sidewalk and went inside.

John Wells was standing by the jukebox, as [Appellant] walked by and bumped his shoulder. [Appellant] turned and grabbed John's arm pulling him close and whispered into his ear. [Appellant] and Ed immediately left the bar with Romaine following him. Once outside, [Appellant] told John Wells, "we can talk about this right here." They engaged in a verbal argument for about five (5) minutes. During the course of the argument, [Appellant] pulled a silver handgun from his pocket and shot John five (5) to six (6) times. John collapsed to the ground and Romaine ran into the bar. [Appellant] and Ed left their bicycles and fled the scene.

An officer parked at the corner of 29th and Oakdale streets heard gunfire from the direction of the bar. As the officer approached the scene, patrons were running from Dooner's [B]ar. When he located John Wells, [Wells] was unresponsive. The officer arranged for him to be immediately transported to a local hospital. John Wells sustained seven (7) fatal gunshot wounds to the neck, head, lungs, and pulmonary artery.

A few days following the shooting, [Appellant] told Kevin Jackson that "[John Wells] said he was going to kill me, so I seen him first." [Appellant] also told Hassan Kinnard, a longtime friend of [Appellant], that he "rocked that nig*** at Dooner's."

Romaine Wells and Kevin Jackson provided statement[s] to homicide detectives concerning the shooting death of John Wells and both identified [Appellant] as the [shooter] from a [police] photo array.

On March 4, 2008, following a jury trial before the Honorable Renee Cardwell Hughes, [Appellant] was convicted of murder [in] the third[-]degree and possessing an instrument of crime. Sentencing was deferred until May 22, 2008, on which date Judge Hughes sentenced petitioner to the mandatory term of life

imprisonment.[1] [Appellant] did not file post-sentence motions. On June 23, 2008, [Appellant] filed a timely notice of appeal. On January 25, 2010, th[is Court] affirmed [Appellant's] judgments of sentence. On February 12, 2010, [Appellant] filed a petition for allowance of appeal, which our Supreme Court denied on July 7, 2010.

On May 2, 2011, [Appellant] filed a timely pro se petition pursuant to the [PCRA]. Counsel was appointed and, after investigation, filed an amended petition on May 25, 2012. On August 8, 2012, the Commonwealth filed a motion to dismiss. On March 7, 2013, [Appellant] filed a [s]upplemental [m]emorandum in support of [a]mended [PCRA p]etition. On June 14, 2013, [Appellant] again supplemented his pleadings with additional legal argument. The Commonwealth responded to that filing on June 18, 2013. On July 29, 2013, after considering the pleadings of the parties and conducting an independent review, th[e PCRA c]ourt sent [Appellant] notice pursuant to Pa.R.Crim.P. 907 (907 Notice) of its intent to deny and dismiss his PCRA petition without hearing. On August 23, 2013, th[e PCRA c]ourt granted post-conviction counsel's request for additional time to communicate with [Appellant] about responding to the 907 Notice. After speaking with [Appellant], counsel elected not to respond to the 907 Notice. On October 18, 2013, th[e PCRA c]ourt dismissed [Appellant's] PCRA petition consistent with its 907 Notice. [Appellant filed a notice of appeal on November 12, 2013 and was ordered to file a concise statement pursuant to Pa.R.A.P. 1925(b) on November 13, 2013. Appellant filed his concise statement on December 4, 2013. The PCRA court issued its Pa.R.A.P. 1925(a) opinion on May 1, 2014.]

PCRA Court Opinion, 5/1/14, at 1-3.

_____

[1] Appellant received a mandatory life sentence for his third-degree murder conviction because he had previously been convicted for the first-degree murder of Nathaniel Giles in Philadelphia County. *See* 42 Pa.C.S.A. § 9715(a) ("any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment").

Appellant raises the following claim for our review:

Should [Appellant] be remanded to the PCRA [c]ourt for a full [e]videntiary [h]earing where that [c]ourt denied such an [e]videntiary [h]earing and all where [Appellant] pled and would have been able to prove that he was entitled to PCRA relief as the result of ineffective assistance of trial counsel where counsel failed to object to the [t]rial [c]ourt clearing the room prior to the testimony of Kinnard Hassan in violation of [Appellant's] constitutional rights to a public trial and where appellate counsel was ineffective for failing to raise that issue on direct appeal and where appellate counsel failed to properly raise and preserve the issue surrounding the prior inconsistent statement from witness Romaine Wells and was ineffective for failing to properly preserve the issue of redaction of Kevin Jackson's statement for appellate review?

Appellant's Brief at 3.

Appellant challenges an order that dismissed, without a hearing, his petition under the PCRA alleging layered claims of ineffective assistance by trial and appellate counsel. The standard and scope of review, as well as the general principles of law under which we consider such claims, are well-settled.

Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations are binding on [appellate courts] when they are supported by the record. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include . . . ineffective assistance of counsel which "so undermined the truth-determining process that no reliable

- 4 -

adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). []

Under Pennsylvania Rule of Criminal Procedure 90[7], the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 90[7(1)]. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements[:] (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. [A claim possesses arguable merit if counsel's action or inaction is inconsistent with a constitutional guarantee, statute, rule of procedure, or established precedent.] With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness[.]

\* \* \*

To prevail on a claim of appellate counsel ineffectiveness for failure to raise an allegation of trial counsel ineffectiveness, a PCRA petitioner must present a "layered" claim, *i.e.*, he or she must present argument as to each of the three prongs of the [test for ineffectiveness] for each layer of allegedly ineffective representation. To establish the arguable merit prong of a claim

of appellate counsel ineffectiveness for failure to raise a claim of trial counsel ineffectiveness, the petitioner must prove that trial counsel was ineffective under the three-prong [ineffectiveness] standard. If the petitioner cannot prove the underlying claim of trial counsel ineffectiveness, then petitioner's derivative claim of appellate counsel ineffectiveness of necessity must fail, and it is not necessary for the court to address the other two prongs of the [ineffectiveness] test as applied to appellate counsel.

*Commonwealth v. Paddy*, 15 A.3d 431, 441-444 (Pa. 2011) (internal quotations and case citations omitted).

Appellant's first issue alleges that prior counsel were ineffective in failing to challenge the trial court's closure of the courtroom to the public prior to receiving the testimony of Hassan Kinnard. In its opinion, the PCRA court conceded that the trial court violated Appellant's right to a public trial when it cleared the courtroom based solely on the word of the district attorney and investigating detective, without input from Kinnard. *See* PCRA Court Opinion, 5/1/14, at 8 n.11 (finding both arguable merit in Appellant's claim and no reasonable basis for trial counsel's failure to request *in camera* examination of Kinnard)[2]; *Commonwealth v. Penn*, 562 A.2d 833, 838 (Pa. Super. 1989) (noting that while the right to a public trial may bow to

---

[2] The Commonwealth argues at some length that Appellant's public trial claim lacks arguable merit, largely on the basis that information about the threat of witness intimidation was credible and that the alleged threats took place in the courthouse. In our view, the arguable merit of Appellant's public trial claim is a question that involves contested issues of fact that would require a hearing before the PCRA court. Since Appellant's petition was dismissed without a hearing on grounds that he failed to plead and prove prejudice as a matter of law, we focus on this aspect of the PCRA court's disposition.

interest in preventing witness intimidation, trial court abuses its discretion in clearing courtroom without interviewing witness to verify nature and extent of attempted intimidation that occurred outside the presence of the presiding judge), *appeal denied*, 590 A.2d 756 (Pa. 1991). Thus, we shall confine our analysis of this issue to the question of whether Appellant met the prejudice prong of the test for ineffective assistance.

Appellant maintains that he met the prejudice prong by demonstrating a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. He advances three arguments in support of this contention. First, Appellant declares that, but for counsel's omission, the outcome of the proceeding would have been different in that his trial would have proceeded without a deprivation of his constitutional rights. Second, Appellant argues that if appellate counsel had not waived the issue on direct appeal, then "[Appellant] would have been awarded a new trial instead of having had his conviction for murder affirmed[.]" Appellant's Brief at 22. Lastly, Appellant asserts that we should presume prejudice as if this case were pending on direct appeal. ***See id.*** at 20, *citing* **Commonwealth v. Knight**, 364 A.2d 902 (Pa. 1976) (holding on direct appeal that "no showing of prejudice is required where a violation of an accused's right to a public trial is asserted"). We address these assertions in turn.

We are unable to agree with Appellant's first contention which claims that prejudice has been established merely because something different would have transpired during the course of trial. Every collateral challenge involving claims of ineffective assistance alleges, essentially, that counsel should have taken some course of action that he did not originally elect. If this alone satisfied the third prong of the test for counsel's ineffectiveness, then prejudice would no longer be a meaningful factor that distinguishes valid claims from those that lack merit. Hence, we reject this proposition.

We are likewise unable to agree with Appellant's second argument in support of finding prejudice. The record belies Appellant's assertion that he would have been awarded a new trial if appellate counsel had not waived the public trial issue in the context of his direct appeal. Appellant's own letter brief submitted in support of his amended petition for PCRA relief makes clear that appellate counsel raised the public trial issue on direct appeal before this Court. *See* Appellant's Letter Brief in Support of Amended PCRA Petition, 5/21/12, at 5 (listing public trial issue as one of seven issues raised by direct appeal counsel). Moreover, the panel memorandum issued by this Court identifies the public trial issue as one of the claims raised by direct appeal counsel. ***Commonwealth v. King***, 991 A.2d 358 (Pa. Super. 2010) (unpublished memorandum) at 4, *appeal denied*, 997 A.2d 1176 (Pa. 2010). Indeed, the panel's memorandum makes clear that trial counsel's failure to raise a specific objection precluded this Court from addressing Appellant's

public trial claim on direct appeal. *Commonwealth v. King*, 991 A.2d 358 (Pa. Super. 2010) (unpublished memorandum) at 23. Thus, the record establishes that appellate counsel raised Appellant's constitutional challenge on direct appeal, that appellate counsel was not ineffective in failing to raise this issue, and, therefore, that Appellant suffered no prejudice resulting from the performance of direct appeal counsel.

To succeed on his public trial claim, then, Appellant must demonstrate how trial counsel's performance prejudiced efforts of the defense. Appellant claims on appeal that prejudice should be presumed and, therefore, he is not required to prove how he was prejudiced by the closure of the courtroom.

Prior cases such as *Knight* held, **on direct appeal**, that where an appellant was denied his right to a public trial, a new trial must be granted and that no showing of prejudice is required.[3] However, these cases neither address nor hold that a petitioner on collateral review is relieved of the burden to prove prejudice within the context of a claim asserting counsel's ineffectiveness arising from a failure to assert a public trial right.

Indeed, to apply our holdings in such cases to the PCRA context would effectively deem counsel's actions in such situations *per se* ineffective. However, as the Supreme Court of Pennsylvania explained in

_____

[3] Like *Knight*, the decision of this Court in the direct appeal of *Commonwealth v. Johnson*, 455 A.2d 654, 658 (Pa. Super. 1982) declared that a new trial must be granted, without a showing of prejudice, if the defendant is denied his right to a public trial.

***Commonwealth v. Reaves***, 923 A.2d 1119, 1128 (Pa. 2007), the situations within the PCRA context in which prejudice is presumed are rare, and are limited to when counsel's actions wholly deny a defendant the right to appellate review, such as the failure to timely file a requested appeal or Rule 1925 statement. In ***Reaves***, the High Court held that counsel's failure to move for reconsideration of sentence following a violation of probation proceedings did not waive any and all appellate issues – only those claims subject to issue preservation requirements which were not otherwise properly preserved. ***Id.*** at 1128-1129. The Supreme Court in ***Reaves*** expressly distinguished counsel's actions that result in the total deprivation of appellate rights, from counsel's actions that allow an appeal, albeit on a more limited scope. ***Id.*** at 1128. In the latter situations, the Supreme Court explained, prejudice is not presumed. ***Id.*** ("It is thus apparent that counsel's lapse did not deprive appellee of his right to appellate review; at most, his attorney's conduct at the trial level 'narrowed the ambit' of the appeal new counsel pursued. As such, it is clear that…appellee must satisfy the…actual prejudice standard.")

In this matter, as in ***Reaves***, trial counsel's failure to object to closure of the courtroom at most limited the scope of Appellant's challenges on direct appeal, but it did not wholly deny appellate review. Consequently, the fact that Appellant here has raised a public trial claim does not obviate the need to demonstrate prejudice in the PCRA context. ***See Commonwealth***

***v. Williams***, 9 A.3d 613, 619 (Pa. 2010) (holding that while the defendant's unqualified right to be present at every stage of the trial was violated without an objection from trial counsel, counsel's failure to object did not result in a total failure to subject the case to the adversarial process, and therefore was not an instance where a presumption of prejudice applied); ***see also Commonwealth v. Johnson***, 500 A.2d 173, 177-178 (Pa. Super. 1985) (petitioner alleging ineffective assistance arising from counsel's failure to seek public *voir dire* must demonstrate actual prejudice; new trial unwarranted where petitioner did not "suggest a likelihood that a jury selected in a different manner would have reached a different result"); ***Commonwealth v. Brandt***, 509 A.2d 872, (Pa. Super. 1986) (counsel's failure to object to *voir dire* conducted in chambers rather than in open court did not constitute ineffective assistance of counsel where petitioner failed to show, among other things, that jury selected in another manner would have reached a different verdict), *appeal denied*, 521 A.2d 930 (Pa. 1987). Because Appellant has not pled and proved that the outcome of his trial would have been different if his trial counsel had lodged a proper objection, Appellant's claim of ineffective assistance of counsel must fail.[4]

---

[4] The PCRA court conducted a lengthy analysis of whether Appellant could demonstrate the likelihood of a different outcome if an objection was made and Kinnard had not testified. **See** PCRA Court Opinion, 5/1/14, at 8-10. In its analysis, the PCRA court noted that "[w]hile Kinnard's testimony strengthened the Commonwealth's case, it was not essential." **Id.** at 8.
*(Footnote Continued Next Page)*

We are not persuaded by Appellant's contention that the prejudice presumed on direct appeal equates with the prejudice necessary for an ineffective assistance of counsel claim. They are, in fact, quite different. Indeed, in **Williams**, the Supreme Court explained that:

> Although it purported to apply the [three-prong test for ineffective assistance], the Superior Court conducted a harmless error analysis, which was improper given the procedural posture of this case. **See Commonwealth v. Williams**, 959 A.2d 1272, 1283 (Pa. Super. 2008). The harmless error standard typically applies to claims of trial court error raised on direct appeal, and the burden of proof is on the Commonwealth, which must demonstrate beyond a reasonable doubt that the error did not affect the verdict. **See Commonwealth v. Howard**, 645 A.2d 1300, 1307 (Pa. 1994). In contrast, an ineffectiveness claim shifts the focus to counsel's stewardship, and under [the conventional test for ineffective assistance], the defendant has the burden of showing that counsel's performance "had an actual adverse effect on the outcome of the proceedings." **Howard**, 645 A.2d at 1307. Thus, it is more difficult to obtain relief on collateral review because [ineffectiveness claims] place[] a heavier burden on the defendant. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1130 (Pa. 2007) (discussing the evidentiary standards applicable to preserved issues of trial court error and derivative claims of ineffective assistance of counsel).

**Williams**, 9 A.3d at 619, n.7 (parallel citations omitted).

Simply because on direct appeal Appellant would not have been required to establish prejudice resulting from the improper closure of his trial

_(Footnote Continued)_ ────────────

This assessment rested on the court's observation that the Commonwealth introduced the testimony of Romaine Wells, who witnessed the entire interaction between Appellant and the victim, and Kevin Jackson, who testified that Appellant admitted his role in killing Wells. We find no error in the PCRA court's conclusion.

proceedings, does not mean that he is entitled to the same presumption of prejudice on collateral review. Because counsel's failure to object to the closing of the proceedings did not result in a total abandonment of counsel or a failure of the adversarial proceedings, we do not believe that a presumption of prejudice applies. Consequently, Appellant was obligated to establish that his counsel's failure to object resulted in prejudice to his proceedings. Having failed to establish prejudice, we hold that the trial court properly denied Appellant's PCRA petition as a matter of law.

Appellant's next claim asserts that prior counsel were ineffective in failing to challenge the trial court's refusal to admit a portion of a statement by Kevin Jackson on grounds that the redacted utterance constituted hearsay. In a pretrial ruling, the court admitted a statement by Jackson that relayed a prior declaration by Appellant in which Appellant explained that he killed John Wells because he believed that Wells intended to kill him. However, the court excluded a similar statement by Jackson in which Jackson declared, "I heard that J-Balls [(Wells)] was looking for Lemon [(Appellant)]. J-Balls says Lemon killed his cousin, Collar-Green, his real name is Mikal." N.T., 2/26/08, at 8. Appellant argues that the preceding statement was relevant and admissible since it shows that Wells was looking to retaliate against Appellant on the night of the shooting. He argues further that the statement was not hearsay since it was not offered for the truth of the matter asserted, but instead to corroborate Appellant's beliefs by

showing they were consistent with information that was circulating in the community. In the alternative, Appellant claims that the statement was admissible under the state of mind exception found at Pa.R.E. 803(3).

On direct appeal, a panel of this Court addressed this claim as an alternate disposition to its finding that that the issue was waived. The panel concluded that the trial court did not err since the statement attributed to Appellant conveyed his subjective beliefs with greater force than the excluded statement, which presented substantial problems of reliability in that it originated from an unidentified, out-of-court declarant. *Commonwealth v. King*, 991 A.2d 358 (Pa. Super. 2010) (unpublished memorandum) at 19. The panel also noted that there was no indication that Appellant was even aware of the rumor known to Jackson and that the excluded statement would only be relevant if it were offered to prove the truth of the matter asserted. *Id.* For these reasons, the panel concluded that the trial court did not err in excluding the challenged statement as inadmissible hearsay. *Id.* at 20. We, like the PCRA court, concur in these assessments; hence, we deny relief.

Appellant's final issue on appeal claims that prior counsel was ineffective in failing to challenge the trial court's determination that Appellant was not entitled to a specific jury instruction concerning substantive consideration of an alleged prior inconsistent statement by Romaine Wells. As Appellant failed to include this issue in his Pa.R.A.P.

1925(b) concise statement, he has waived appellate consideration of this claim. ***Commonwealth v. Mattison***, 82 A.3d 386, 393 (Pa. 2013). Thus, no relief is due on this claim.

Order affirmed.

Judge Allen joins this memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/24/2015</u>