J-A18003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD K. CONNER | : | |
| | : | |
| Appellant | : | No. 893 WDA 2018 |

Appeal from the Judgment of Sentence June 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015044-2015

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 19, 2019**

Ronald K. Conner appeals the June 4, 2018 judgment of sentence imposing three years of restrictive intermediate punishment followed by three years of probation after a jury convicted him of obstructing the administration of law enforcement and criminal conspiracy. We affirm.

The trial court summarized the facts as follows:

> On October 25, 2015, John Nash and Anthony Hartman assaulted two male victims near the 4400 block of Liberty Avenue in the City of Pittsburgh. Appellant is Nash's nephew. As officers were responding to the injured victims they received another call for a disturbance at the Sunoco gas station only a few blocks away. The description of the perpetrators provided to police during the call matched the description of Nash and Hartman given by the victims in the 4400 block of Liberty Avenue incident. While driving to the Sunoco gas station the officers spotted the perpetrators Nash and Hartman on the street, detained them in the parking lot of the Sunoco, and called for backup. Officer Kevin Swimkosky proceeded to speak to Samuel Jowell, the complainant at Sunoco. Jowell stated that Nash and Hartman came to the Sunoco wanting to use the bathroom. Jowell informed them that

there were no public restrooms at which time they became verbally abusive and blocked the door preventing Jowell from closing and locking it. Additionally, Nash and Hartman used racial slurs and spit on Jowell twice. After taking a report from Jowell, Officer Swimkosky filed multiple felony charges against Nash and Harman as it related to the incident at the Sunoco station, as well as the earlier incident on Liberty Avenue.

The next day, on October 26, 2015, Appellant visited the Sunoco station twice. He claimed to be looking for surveillance tapes in order to ascertain how Nash's vehicle ended up with four slashed tires. The first time Appellant entered the Sunoco, Jowell, who was working at the time, indicated that Appellant should come back later to view the surveillance tapes. Appellant left the station and returned 20 minutes later with Michael Asturi, a tow truck driver. Jowell again indicated that they would not be able to view the surveillance tapes at that time. Thereafter, on October 28, 2015, Appellant visited the Sunoco station in the late afternoon and spoke to Elizabeth Kufta, who was working the day shift. Appellant identified himself as Nash's uncle and asked Kufta if she knew "what had gone down" the other night. Appellant asked Kufta to speak to Jowell later that night to see if he would agree not to press charges against his nephew, Nash. Appellant also requested Kufta to view surveillance tapes of the store. She indicated she did not have access to the surveillance tapes but agreed to speak with Jowell and took Appellant's phone number. Appellant returned to the Sunoco station for a third time on October 31, 2015 and again spoke to Kufta. Kufta informed Appellant that she had spoken to Jowell but that she had refused to tell him to drop the charges. Appellant then made the statement, "Sam had better get another job and watch his back if he proceeded with the allegation." Kufta subsequently disclosed the threat to Officer Swimkosky during the investigation. After speaking with Kufta about the threats made by Appellant, Office Swimkosky requested the taped phone calls of Nash from the Allegheny County Jail believing Nash had contacted Appellant regarding the incident[,] which had occurred on October 25, 2015. Three of the taped phone calls, October 28, 2015, October 29, 2015, and November 4, 2015, were outgoing from Nash to Appellant wherein Nash made statements indicating that he was in a jam and needed Appellant to fix the situation further stating that Jowell could not testify or he would go to state prison. Based upon the contents of these calls Officer Swimkosky issued a warrant for Appellant's arrest.

Trial Court Opinion, 1/18/19, at 4-6 (citations and footnotes omitted).

Appellant was charged with intimidation of witnesses or victims, obstructing the administration of law or other government functions, and criminal conspiracy. On January 25, 2018, Appellant proceeded to a jury trial. At the conclusion of trial, Appellant was found guilty of obstructing the administration of law and conspiracy. On June 4, 2018, Appellant was sentenced as summarized above. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925, and thus, this appeal is properly before us.

Appellant raises the following issue for our review:

1. Did the trial court [err] in sending . . . a computer and the tape recordings from the [c]ounty [j]ail out to the jury during their deliberations[?] The proper method would be if the jury requested hearing the tape recordings to bring the jury back to the court room and play said recordings in open court.

Appellant's brief at 3.

The decision as to whether an exhibit should be allowed to go out with the jury during deliberation is within the sound discretion of the trial judge, and such choice will not be overturned absent an abuse of discretion. ***Commonwealth v. Dupre***, 866 A.2d 1089, 1102 (Pa.Super. 2005); Pa.R.Crim.P. 646(A). Specifically, Pa.R.Crim.P. 646 provides as follows:

(A) Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in the paragraph (B).

(B) During deliberations, the jury shall not be permitted to have:

(1) a transcript of any trial testimony;

- 3 -

(2) a copy of any written or otherwise recorded confession by the defendant;

(3) a copy of the information;

(4) written jury instructions.

(C) The jurors shall be permitted to have their notes for use during deliberations.

Pa.R.Crim.P. 646.

At trial, Appellant and the Commonwealth stipulated to the authenticity of the phone calls between Appellant and his co-defendant John Nash. N.T. Jury Trial, 1/25/18 at 38-39. Trial counsel also did not object when the Commonwealth moved to admit the calls and play them for the jury. *Id*. at 42. However, counsel did later object when the judge decided to send the calls and a computer, along with other trial exhibits, to the jury during their deliberations. *Id*. at 185. The trial court overruled Appellant's objection, finding that providing such tapes for the jury during its deliberations was not precluded by the Pennsylvania Rules of Criminal Procedure or appellate precedent. *Id*.; *see also* Trial Court Opinion, 1/18/19, at 7-8.

Specifically, Appellant challenges the trial court's application of Pa.R.Crim.P. 646 when it decided to send an audio exhibit of recordings of phone calls Appellant made out with the jury. Appellant cites to no authority in support of his position other than Rule 646. While not explicitly prohibited by Rule 646, Appellant contends that permitting the jury to review audio-

recorded trial testimony in their deliberation was "tantamount" to giving them a trial transcript. Brief of Appellant at 9. We disagree.

Our Supreme Court has explicitly held that audio recordings are not prohibited under Rule 646. *See Commonwealth v. Williams*, 9 A.3d 613, 622 (Pa. 2010). In *Williams*, the defendant alleged that permitting the jury to review an audiotaped recording of one of the victim's testimony in the deliberation room violated Rule 646 because an audio recording is the "functional equivalent" of a trial transcript. *Id*. The Commonwealth countered that the term "transcript" in Rule 646 referred only to written documents. Our Supreme Court agreed, holding that "audio-recorded testimony is not prohibited under Rule 646." *Id*. at 623. In light of the clearly-established precedent, we conclude that the trial court did not abuse its discretion in permitting the audio calls to go out with the jury. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2019