J-S54026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARISH LEE BROWN, SR. | |
| Appellant | No. 2202 MDA 2013 |

Appeal from the Judgment of Sentence October 31, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000631-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 22, 2014**

Appellant, Parish Lee Brown, Sr., appeals from the October 31, 2013 aggregate judgment of sentence of six and one-half to 15 years' imprisonment imposed after a jury found him guilty of aggravated assault and endangering the welfare of children.[1]   After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case may be summarized as follows.  On December 12, 2012, Appellant struck his minor child, P.B., with a belt and fist, then placed him in scalding hot water in a bathtub, causing second and third-degree burns on approximately 8% of his body.  N.T., 9/30-10/1/13, at 82-84, 169.  P.B. was subsequently admitted

---

[1] 18 Pa.C.S.A. §§ 2702 and 4304, respectively.

to Memorial Hospital after it was discovered that the skin on his foot, leg, and buttocks had bubbled. *Id.* at 125-128. P.B. was later transferred to the Lehigh Valley Hospital Regional Burn Center for treatment, including skin grafts, where he remained for 11 days. *Id.* at 169-170.

Appellant was subsequently charged with one count each of simple assault,[2] aggravated assault, and endangering the welfare of children. The case proceeded to a jury trial on September 30, 2013. At trial, the trial court instructed the jury, utilizing the standard jury instructions defining aggravated assault and defining the element of recklessness. Additionally, the trial court permitted the jury to review several photographs of P.B.'s injuries during its deliberations that had been admitted into evidence during the course of the trial. Following a two-day jury trial, Appellant was found guilty of aggravated assault and endangering the welfare of children on October 1, 2013.[3] As noted, the trial court sentenced Appellant to an aggregate term of six and one-half to 15 years' imprisonment on October 31, 2013. On November 8, 2013, Appellant filed a timely post-sentence

_____

[2] 18 Pa.C.S.A. § 2701.

[3] The simple assault charge was *nolle prossed* prior to trial.

motion, which was denied by the trial court that same day. On December 9, 2013, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issues for our review.

> I. Whether the trial court committed an error in law by denying [Appellant's] request to give a special instruction to the jury regarding the fact that the recklessness needed for aggravated assault requires that the offensive act be performed under circumstances which almost assure that injury or death will ensue and must be such that life threatening injury is essentially certain to occur?
>
> II. Whether the trial court committed an error in law by sending photographs of the victim back to the jury when Appellant and Commonwealth had stipulated that serious bodily injury had occurred and the only argument related to [Appellant's] *mens rea*?

Appellant's Brief at 5.[5]

We begin by addressing Appellant's claim that the trial court erred in permitting several photographs of P.B. to be viewed by the jury during deliberations, "when Appellant and Commonwealth had stipulated that

_____

[4] We note that Appellant's notice of appeal was timely filed, as weekends are excluded from the computation of time. **See** 1 Pa.C.S.A. § 1908 (providing that when the last day of a calculated period of time falls on a Saturday or Sunday, as is the case herein, such day shall be omitted from the computation). Additionally, Appellant and the trial court have complied with Pa.R.A.P. 1925.

[5] For the ease of our discussion, we have elected to address Appellant's claims in a different order than presented in his appellate brief.

serious bodily injury had occurred and the only argument related to [Appellant's] *mens rea*." *Id.* at 11. Appellant contends that "the nature of the injuries [depicted in the photographs] were inflammatory[,]" and "had no probative value [in determining whether Appellant possessed the requisite *mens rea*]." *Id.* at 11, 13. For the following reasons, we disagree.

> Pennsylvania Rule[] of Criminal [P]rocedure [646] provide[s] that, upon retiring, the jury may take with it such exhibits as the judge deems proper, with the exception of a trial transcript, written or recorded confession, the information or indictment, or written jury instructions, other than portions of the charge on the elements of the offense. Allowing the jury to view, in deliberations, documentary evidence used to illustrate or explain, although not admitted into evidence, does not per se create prejudicial error. An error may be harmless where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict.

*Commonwealth v. Stetler*, --- A.3d ---, 2014 WL 2472308, *23 (Pa. Super. 2014) (citations and internal equations marks omitted).

Upon careful review, we agree with the trial court that the photographs in question were pertinent to the jury's determination of Appellant's *mens rea*, and contrary to Appellant's contention, were not so prejudicial as to preclude their introduction to the jury during its deliberations. In reaching this conclusion, we adopt the following reasoning of the trial court opinion.

The [trial c]ourt concludes that it did not err by sending the photos of the victim into the jury room for deliberations. During trial, the Commonwealth introduced the photos and then published them to the jury. [N.T., 9/30-10/1/13, at 127-128]. [Appellant] never objected to either the introduction or the publication of the photos. *Id.* At the end of the trial, the Commonwealth moved to have the photos admitted into evidence. *Id.* at 180. Again, [Appellant] did not object. *Id.* The Commonwealth also used these photos during its closing argument. After hearing argument, the [trial c]ourt decided to send only three photos back to the jury deliberation room. [*Id.* at 259-261]. The [trial c]ourt stated that these particular photos were not overly inflammatory, and since they were admitted as exhibits, the Commonwealth was entitled to have them go back to the jury room because the Commonwealth has the burden to prove its case. *Id.* [Appellant] only objected to sending the photos back with the jury, not to their admissibility. [Appellant] avers that the jury did not need these photos for deliberations because the parties stipulated to the element of serious bodily injury.

The [trial c]ourt finds that numerous factors militate against a finding of prejudice. First, [Appellant] never objected when the photos were admitted as exhibits during trial. Second, the [trial c]ourt allowed them to be admitted as exhibits. Both of these factors show that the photos were relevant evidence and that their probative value outweighed any unfair prejudice. Third, the [trial c]ourt limited the number of photos that went back with the jury, and after viewing them, it found that these three photos were not overly inflammatory. Fourth, these exhibits could have aided the jury in their deliberations regarding recklessness.

Trial Court Opinion, 4/28/14, at 5-6 (internal quotation marks and case citations omitted; formatting of citation to notes of testimony corrected).

Based on the foregoing, Appellant's claim that the trial court abused its discretion by permitting the aforementioned photographs to accompany the jury during its deliberations must fail.

We now turn to Appellant's claim that the trial court abused its discretion in failing to instruct the jury that, in order to find Appellant guilty of aggravated assault, the Commonwealth was required to prove a heightened level of recklessness. Appellant's Brief at 9. Specifically, Appellant contends the trial court should have instructed the jury that "the recklessness needed for aggravated assault requires that the offensive act be performed under circumstances which almost assure that injury or death will ensue[,] and must be such that life threatening injury is essentially certain to occur." *Id.* at 9-10. Appellant maintains that, "mere recklessness is insufficient to sustain a conviction for aggravated assault." *Id.* at 10. After careful review, we disagree.

Our standard of review in addressing challenges to jury instructions is an abuse of discretion. **Commonwealth v. Leber**, 802 A.2d 648, 651 (Pa. Super. 2002). "[A] trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." **Commonwealth v. Williams**, 959 A.2d 1272, 1286 (Pa. Super. 2008) (citation omitted), *affirmed*, 9 A.3d 613 (Pa. 2010). "[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a

whole, and not simply isolated portions, to determine if the instructions were improper." *Id.* We will not find an abuse of the trial court's discretion unless "the instruction under review contained fundamental error, misled, or confused the jury[,]" or Appellant suffered prejudice. *Commonwealth v. McRae*, 5 A.3d 425, 430-431 (Pa. Super. 2010) (citation omitted), *appeal denied*, 23 A.3d 1045 (Pa. 2011).

Preliminarily, we note that the crime of aggravated assault is codified in Section 2702 of the Pennsylvania Crimes Code, which provides, in pertinent part, as follows.

> **§ 2702. Aggravated assault**
>
> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
> (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S.A. § 2702(a)(1). "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustified risk that the material element exists or will result from his conduct." *Commonwealth v. Fabian*, 60 A.3d 146, 154 (Pa. Super. 2013) (citations omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

In the instant matter, the record reveals that the trial court instructed the jury at great length on the crime of aggravated assault and the element of recklessness, mirroring Pennsylvania Standard Suggested Jury Instruction

- 7 -

(PSSJI) § 15.2702B. *See* N.T., 9/30-10/1/13, at 247-248. Specifically, the trial court gave the following instruction to the jury on the definition of "recklessly."

> A person acts recklessly with respect to serious bodily injury when he or she consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from his or her conduct. The risk must be of such a nature and degree that, considering the nature and intent of the Defendant's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the Defendant's situation. It is shown by the kind of reckless conduct from which a life-threatening injury is almost certain to occur.

*Id.* at 248.

As noted, Appellant contends "mere recklessness is insufficient to sustain a conviction for aggravated assault[,]" and the trial court should have instructed the jury that the Commonwealth was required to prove "extreme indifference to the value of human life." Appellant's Brief at 10, *citing* **Commonwealth v. Myers**, 722 A.2d 1074, 1078 (Pa. Super. 1998) (concluding that, "the narrow holding of [**Commonwealth v. Nichols**, 692 A.2d 181 (Pa. Super. 1997),] only requires reversal when a trial court fails to include the critical language "recklessly under circumstances manifesting extreme indifference to the value of human life"), *appeal denied*, 740 A.2d 231 (Pa. 1999). This argument is misplaced.

Our Supreme Court has repeatedly recognized that a trial court has broad discretion in phrasing its instructions to the jury, and a trial court

- 8 -

need not accept a party's particular wording provided the law is clearly, adequately, and accurately presented to the jury. ***See Commonwealth v. Ballard***, 80 A.3d 380, 408 (Pa. 2013) (stating, "trial courts [have ]latitude and discretion in the phrasing of jury instructions … The trial court was not obliged to issue the charge that appellant proposed[]") (citation omitted), *cert. denied*, ***Ballard v. Pennsylvania***, 134 S. Ct. 2842 (2014). As discussed, *supra*, the trial court's jury instructions on aggravated assault and recklessness in this matter mirror, nearly verbatim, Section 2702(a)(1) and PSSJI § 15.2702B. ***See*** N.T., 9/30-10/1/13, at 247-248. Contrary to Appellant's contentions, the trial court's instructions on recklessness clearly conveyed to the jury that there must be a disregard for a substantial and unjustifiable risk that serious bodily injury will occur, and that a life threatening injury is almost certain to occur. ***See id.*** at 248. We further agree with the trial court that Appellant's proposed instruction requiring a high degree of culpability for aggravated assault "would only confuse the jury regarding the reckless standard." Trial Court Opinion, 4/28/14, at 3-4; ***see also*** N.T., 9/30-10/1/13, at 196.

Upon review, we conclude that the trial court's jury instructions on aggravated assault and the element of recklessness, when viewed as a whole, "clearly, adequately, and accurately" reflected the applicable law. ***Williams***, ***supra***. Furthermore, the trial court's decision to forgo Appellant's proposed jury instructions on recklessness in order to dispel any confusion

on the part of the jury was fully within its discretion. **See Ballard**, **supra**.

Accordingly, Appellant's claim of trial court error in this regard must fail.

For all the foregoing reasons, we affirm Appellant's October 31, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2014

- 10 -