J-S06007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KELVIN OUTLAW | : | |
| Appellant | : | No. 2386 EDA 2017 |

Appeal from the PCRA Order July 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014716-2010

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 08, 2018**

Kelvin Outlaw appeals from the July 13, 2017 order denying him PCRA relief.  We vacate the order and remand for an evidentiary hearing.

The facts giving rise to the underlying convictions of burglary and impersonation of a public servant were summarized by this Court on direct appeal:

> The instant case involved two criminal episodes in which Appellant was charged with, *inter alia*, improperly identifying himself as a police officer and frisking a citizen, and then, three days later, unlawfully entering a secure area of the 18th Police District in Philadelphia by employing a secure pass code available only to police personnel.  These two incidents took place on September 12, 2009 and September 15, 2009, respectively.  During the incident of September 12, 2009 Appellant, under the guise of legally performing a stop and frisk, fondled the breasts, buttocks, and vaginal area of the complainant before allowing her to leave.  Soon after, she discovered that some of her belongings had been removed from her person during the incident.  During the incident of September 15, 2009, Appellant was observed by police in the secure area referred to above, resulting in the Burglary charge

against him. A subsequent search of Appellant's car revealed the presence of several items of police attire, and other police paraphernalia, all of which had been stored in the secure area. These two incidents were consolidated for trial.

***Commonwealth v. Outlaw***, 2013 Pa. Super. Unpub. LEXIS 4458, *1-2 (Pa.Super. 2013) (citations to record omitted).

At the non-jury trial, Appellant proceeded on an alibi theory, and he presented several witnesses who placed him at a party during the commission of the September 12, 2009 offenses. The court found Appellant guilty, and sentenced to three to six years of incarceration for burglary and a consecutive term of one to two years imprisonment for impersonating a public servant. Following denial of his motion for reconsideration, Appellant filed a timely appeal to this Court challenging a pretrial evidentiary ruling. This Court denied relief, and Appellant's petition for allowance of appeal was denied on January 15, 2014. ***See Commonwealth v. Outlaw***, 82 A.3d 1075 (Pa.Super. 2013), appeal denied 84 A.3d 1063 (Pa. 2014).

Appellant timely filed a *pro se* PCRA petition on April 8, 2014. Counsel was appointed and he filed an amended petition on Appellant's behalf. Appellant alleged therein that trial counsel was ineffective for advising him not to testify at trial. The PCRA court denied the petition after providing Pa.R.Crim.P. 907 notice of its intent to dismiss without an evidentiary hearing, and Appellant timely appealed. Appellant presents one issue for our review: "Did the trial court err in denying [A]ppellant an evidentiary hearing when the [A]ppellant raised a material issue of fact that trial defense

counsel was ineffective for vitiating the [A]ppellant's [c]onstitutional right to testify in his own defense at trial?" Appellant's brief at 2.

In reviewing the denial of PCRA relief, we must determine "whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa.Super. 2017). Our scope of review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "We are bound by the PCRA court's credibility determinations so long as they are supported by the record, but we review the court's legal conclusions *de novo*." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014).

Appellant alleges that the PCRA court erred in failing to conduct an evidentiary hearing on his claim that counsel was ineffective for advising him not to testify at trial. The law is well settled that a PCRA petitioner is not entitled as a matter of right to an evidentiary hearing. **Miller**, **supra** at 992. "The Rules of Criminal Procedure provide that a PCRA court judge is to hold a hearing where a PCRA petition raises any material issues of fact. Pa.R.Crim.P. 908(A)(2)." **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support in the record or other evidence." **Id**. (quoting **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012)). Our role on appeal is to determine

whether the PCRA court correctly determined that there were no genuine issues of material fact that necessitated a hearing. *Id*.

In order to prove ineffective assistance of counsel, a defendant must satisfy all three prongs of the *Strickland*/*Pierce*[1] ineffectiveness test. *Commonwealth v. Williams*, 9 A.3d 613, 617 (Pa. 2010). He must establish that his underlying claim has arguable merit, that counsel had no reasonable basis for his or her action or inaction, and that he suffered prejudice. "He may prevail only if he pleads and proves that his conviction or sentence resulted from ineffective assistance of counsel that, under the circumstances, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have occurred." *Commonwealth v. Laird*, 119 A.3d 972, 978 (Pa. 2015); *see* 42 Pa.C.S. §9543(a)(2)(ii. "Where matters of strategy and tactics are concerned, 'a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Spotz*, *supra* at 311-12 (Pa. 2014). To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different. *Laird*, *supra* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

---

[1] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

In his amended PCRA petition, Appellant pled that "Counsel advised [him] not to testify even though [he] was innocent of the charges, wanted to testify, and could have testified to his innocence of the crimes." Amended PCRA Petition, 11/12/15, at 2. He alleged further that, "[b]ased on this erroneous advice of counsel, he did not testify at trial." *Id*. He argues on appeal that counsel's advice was unreasonable and that it vitiated his constitutional right to testify at trial. He maintains that the PCRA court abused its discretion in denying him an evidentiary hearing to prove counsel's ineffectiveness.

The Commonwealth counters that the decision whether or not to testify is the defendant's decision after consultation with counsel. *Commonwealth v. Michaud*, 70 A.3d 862, 869 (Pa.Super. 2013). In order to state a claim of ineffectiveness with regard to the defendant's decision not to testify, the Commonwealth contends that he "must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision not to testify on his own behalf." *Id*. Where, however, a defendant made a knowing, voluntary, and intelligent waiver, he cannot later claim that counsel was ineffective. *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa.Super. 2000). The Commonwealth points out that Appellant did not allege that counsel interfered with his right to testify, only that his advice in this regard was erroneous.

- 5 -

The PCRA court found no arguable merit in Appellant's ineffective assistance claim. It noted that the trial court conducted an extensive colloquy on Appellant's right to testify, and that Appellant told the court that he had been advised of all options, that he consulted with counsel, and that he voluntarily made the decision not to testify. The court concluded that he could not "now predicate error on a claim that is refuted by his own sworn testimony during the trial." PCRA Court Opinion, at 4 (citing **Commonwealth v. Rigg**, 84 A.3d 1080, 1086 (Pa.Super. 2014)). Since trial counsel could not have been ineffective, the court concluded that an evidentiary hearing would serve no purpose.

We have reviewed the record. At trial, Appellant waived his right to testify after consultation with and reliance upon the advice of counsel. Appellant's responses to the court's colloquy, however, do not foreclose him from subsequently challenging the effectiveness of that advice. **See Commonwealth v. Nieves**, 746 A.2d 1102 (Pa. 2000) (recognizing limited instances where colloquy does not preclude trial counsel from being held ineffective based on erroneous advice provided to client about not testifying). In **Nieves**, trial counsel confirmed at an evidentiary hearing that although Appellant wanted to testify, he advised him not to do so because he could be impeached by his criminal record. Appellant contended this advice was clearly unreasonable because his prior convictions would not have been admissible impeachment evidence because they did not involve dishonesty or false statement. Since the trial court credited appellant's

testimony that his decision not to testify was based on this erroneous advice, appellant's decision not to testify was not knowing or intelligent. *See also Commonwealth v. Walker*, 110 A.3d 1000 (Pa.Super. 2015) (remanding for an evidentiary hearing to determine whether appellant's claim that counsel incorrectly advised him that prior convictions could be used to impeach him if he testified had arguable merit).

Appellant alleged that counsel's unreasonable advice vitiated his waiver. He pled that he wanted to testify, and that he would have testified that he was innocent of the crimes charged, but counsel erroneously advised him not to testify. If Appellant could prove that there was no reasonable basis for counsel's advice or strategy, an otherwise valid waiver would be negated. *Michaud*, *supra*.

Appellant's claim was not a mere boilerplate allegation of no reasonable basis as in *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011). We find that the PCRA court did not give Appellant the opportunity to prove that counsel had no reasonable strategy or basis for advising him not to testify when it declined to schedule an evidentiary hearing. In most of the cases relied upon by the Commonwealth and the trial court, it was only **after** an evidentiary hearing that the PCRA court concluded that trial counsel had a reasonable strategy for advising his client not to testify. *See e.g. Michaud*, *supra* (PCRA court credited trial counsel's testimony at evidentiary hearing that he and appellant discussed his right to testify multiple times, that he advised appellant why he believed he should not

testify, and appellant agreed and stated he did not want to testify); **Commonwealth v. Hall**, 701 A.2d 190 (Pa. 1997) (trial court found that appellant's waiver of right to testify was knowing and intelligent after evidentiary hearing on his claim that counsel was ineffective in advice given); **Commonwealth v. Neal**, 618 A.2d 438 (Pa.Super. 1992) (after evidentiary hearing, court found that appellee's decision to forego testifying on his own behalf was not an informed decision reached after full consultation with counsel.).

For the foregoing reasons, we vacate the order and remand for an evidentiary hearing on the ineffectiveness issue raised in the amended PCRA petition.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18