J-A10044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
        Appellee :
:
        v. :
:
SCOTT MIGNOGNA :
:
        Appellant : No. 3103 EDA 2018

Appeal from the PCRA Order Entered September 17, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0000085-2015

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.E.:        **FILED JUNE 25, 2019**

Appellant, Scott Mignogna, appeals from the order entered in the Bucks

County Court of Common Pleas, which denied his first petition filed under the

Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm

and grant counsel's petition to withdraw.

The PCRA court's opinion accurately and succinctly sets forth the

relevant facts and procedural history of this case.  Therefore, we have no

reason to restate them.

Preliminarily, appellate counsel has filed a motion to withdraw as

counsel and an accompanying brief pursuant to ***Commonwealth v. Turner***,

518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d

213 (Pa.Super. 1988) (*en banc*).  Before counsel can be permitted to withdraw

from representing a petitioner under the PCRA, Pennsylvania law requires

counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**.

**Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007).  Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel.  **Id.**  "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and a **Turner**/**Finley** brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit.  Counsel's brief also demonstrates he reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding his rights.  Thus, counsel substantially complied with the **Turner**/**Finley** requirements.  **See Wrecks, supra**; **Karanicolas, supra**. Accordingly, we proceed to an independent evaluation.  **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issues for review:

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S

PCRA CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN NOT CHALLENGING THE SEARCH WARRANT THAT DID NOT CONTAIN A WRITTEN AFFIDAVIT FROM WITNESS BARBARA WHITE IN VIOLATION OF RULES OF CRIMINAL PROCEDURE 202 AND 206[?]

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN THE GUILTY PLEA PROCEEDINGS WHERE TRIAL COUNSEL FAILED TO ADEQUATELY CONSULT WITH APPELLANT PRIOR TO THE PLEA, DID NOT COMPLETE THE WRITTEN GUILTY PLEA COLLOQUY WITH APPELLANT, AND FAILED TO APPROPRIATELY EXPLAIN TO APPELLANT WHAT HE WAS PLEADING GUILTY TO, WHICH LED TO A PLEA THAT WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY[?]

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN NOT ASSERTING A DEFENSE PURSUANT TO 18 PA.C.S. § 6105(D)(3)(II) ON APPELLANT'S BEHALF TO THE FIREARMS OFFENSES[?]

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO INVESTIGATE COLLUSION BETWEEN WITNESS BARBARA WHITE AND THE TINICUM TOWNSHIP POLICE DEPARTMENT?

(***Turner/Finley*** Letter Brief at vii).[1]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d

---

[1] Appellant has filed a reply brief that he designates as a "counter" brief to the Commonwealth's brief. In the reply brief, Appellant takes issue with a number of facts recited in the Commonwealth's brief. Appellant, however, fails to identify any additional issues for appellate review.

319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey L. Finley, P.J., we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** PCRA Court Opinion, filed December 14, 2018, at 3-11) (finding: **(1)** Officer Madden attached affidavit of probable cause to her application for search warrant; complainant, Ms. White, had personal knowledge Appellant possessed guns while he was convicted felon, and Ms. White showed photos to police of Appellant with guns in his home; Officer Madden verified that address Ms. White provided was actually Appellant's address and that Appellant was convicted felon prohibited from possessing firearms; ADA Keightly approved search warrant; plea counsel testified at PCRA hearing that he reviewed search warrant with Appellant and did not see viable challenge to seek suppression based on any defect in search warrant; rules of criminal procedure do not require affidavit from civilian to be attached to search warrant application; no violation of Pa.R.Crim.P. 202, 205 or 206

took place; **(2)** court conducted oral plea colloquy before accepting Appellant's guilty plea as knowing, intelligent, and voluntary; Appellant signed and executed written colloquy; Appellant acknowledged on record that he committed offenses charged and was guilty of those crimes; plea counsel testified at PCRA hearing that he met with Appellant several times before entry of guilty plea to discuss Appellant's options and rights he would be giving up if he pled guilty; on date of guilty plea, plea counsel's colleague sat with Appellant and went over written plea colloquy with him; court found incredible Appellant's statement that plea counsel's colleague did not review colloquy with Appellant, where Appellant initialed bottom of each page and made no contrary assertions during oral plea colloquy; **(3)** Appellant did not file application for exemption from prohibition to possess firearm, so counsel could not have offered exemption status as defense; **(4)** Appellant provided plea counsel no evidence to support Appellant's bald assertions that Ms. White was colluding with police; counsel's review of case also did not support Appellant's speculations; thus, each of Appellant's claims of ineffective assistance of plea counsel lacked merit).  The record supports the court's decision to deny PCRA relief on the grounds asserted. *See Ford, supra*; *Boyd, supra*.  Following an independent review of the record, we affirm and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    OPTIONAL

             : 

       v.                 : 

             :    No. CP-09-CR-0000085-2015

             :

SCOTT MIGNOGNA              :

             :

## OPINION

Scott Mignogna (Appellant) appeals to the Superior Court of Pennsylvania following the denial of his Petition for relief under the Post Conviction Relief Act on October 26, 2017. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), this Court files this Opinion in support of its ruling.

### I.     Factual and Procedural History

On March 11, 2015, Appellant pleaded guilty to three counts of Possession of Firearm Prohibited[1]. Appellant was sentenced on May 11, 2015, to three to ten years of incarceration on the first count only, with no further penalty imposed for the other counts. On May 18, 2015, Appellant filed a "Motion to Modify Sentence" which was denied by this Court on June 4, 2015.

On June 8, 2016, Appellant filed his first PCRA petition asserting claims of ineffectiveness of trial counsel. PCRA counsel was appointed and an amended petition was filed on December 23, 2016. On January 24, 2017, Appellant filed a "Motion to Withdraw PCRA Counsel for Ineffective Assistance of Counsel."

This Court held a hearing on Appellant's Petition on March 23, 2017. Defendant's motion for alternative counsel to be appointed was denied and PCRA counsel was instructed to file an amended PCRA. The "Amended PCRA Petition and Motion to Compel Discovery" was filed on April 27, 2017. This Court denied Appellant's "Motion to Compel Discovery" on June 12, 2017. On July 17, 2017, Appellant filed a handwritten "Motion to Go *Pro Se*". On July 25, 2017, this Court directed PCRA counsel to file an amended PCRA petition. On August 9, 2017, PCRA counsel filed "Defendant's Third Motion to Amend PCRA Petition." On August 10, 2017, this Court received Defendant's handwritten "Motion to Amend PCRA Petition."

---

[1] 18 Pa.C.S.A. § 6105(a)(1)

1

On September 6, 2017, a *Graizer* hearing was held and this Court granted Appellant's "Motion to Proceed *Pro Se.*" He was directed to file an amended petition within twenty days. On September 11, 2017, this Court received Appellant's "Motion to Amend PCRA Petition." On October 25, 2017, a PCRA hearing was held. On October 26, 2017, this Court denied Appellant's PCRA Petition.

On November 13, 2017, Appellant filed a *pro se* appeal. On February 2, 2018, this Court filed an Opinion in support of its ruling. On July 13, 2018, the Superior Court of Pennsylvania filed its decision. The Superior Court ordered the case to be vacated and remanded for this Court to conduct a full *Grazier* hearing to determine whether Appellant wanted counsel on appeal. This Court was instructed that if Appellant did want to proceed *pro se*, then the PCRA order should be reinstated and Appellant may appeal *pro se*. However, if Appellant wanted counsel appointed, then new counsel should be appointed for the appeal and the PCRA order should be reinstated.

On September 17, 2018, this court held a *Grazier* hearing where it was determined that Appellant would like counsel on appeal. On September 18, 2018, this Court reinstated its October 25, 2017 Order denying the PCRA petition and appointed Patrick J. McMenamin to represent the Appellant. On October 17, 2018, Appellant, through his counsel, filed his Notice of Appeal to the Superior Court of Pennsylvania.

## II.     Statement of Errors Complained of on Appeal

On October 31, 2018, in accordance with Pa.R.A.P. 1925(b), Appellant filed his Concise Statement of Matters Complained of on Appeal, set forth *verbatim* herein:

1. The Lower Court erred in denying Appellant's PCRA claim that trial counsel was ineffective in not challenging the search warrant that did not contain a written affidavit from witness Barbara White in violation of Rules of Criminal Procedure 202 and 206;
2. The Lower Court erred in denying Appellant's PCRA claim that trial counsel was ineffective in the guilty plea proceedings where trial counsel failed to adequately consult with Appellant prior to the plea, did not complete the written guilty plea colloquy with Appellant, and failed to appropriately explain to Appellant what he was pleading guilty to, which led to a plea that was not knowing, intelligent and voluntary;
3. The Lower Court erred in denying Appellant's PCRA claim that trial counsel was ineffective in not asserting a defense pursuant to 18 Pa.C.S. § 6105(d)(3)(ii) on Appellant's behalf to the firearms offenses; and
4. The Lower Court erred in denying Appellant's PCRA claim that trial counsel was ineffective in failing to investigate collusion between witness Barbara White and the Tinicum Township Police Department.

2

## III. Discussion

A petitioner is eligible for relief under the Post Conviction Relief Act if he sufficiently demonstrates that counsel was so ineffective that the truth-determining process was so undermined and that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii). However, counsel is presumed to be effective and therefore the petitioner must prove by a preponderance of the evidence that counsel was ineffective. *See Commonwealth v. Williams*, 9 A.3d 613 (Pa. 2010).

A PCRA claim for ineffective counsel will only be granted if the petitioner can establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015)(employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 27 A.2d 973, 975–76 (1987)). If petitioner fails to satisfy any prong of the ineffectiveness inquiry, a PCRA claim for ineffective assistance of counsel will be rejected. *Commonwealth v. Malloy*, 856 A.2d 767, 781 (Pa. 2004).

After reviewing the file in its entirety, most notably the Notes of Testimony from the PCRA hearing held on October 25, 2017, it is clear the Appellant has failed to meet his burden under *Treiber*. Each of the four matters complained of on appeal have no merit and even if there was merit to the claims, the result of the proceeding would not have been different. Therefore, Appellant's PCRA Petition has been lawfully dismissed by this Court.

**1. Rules 202, 205 and/or 206 do not require search warrants to contain written affidavits from civilian witnesses; therefore, counsel had no reason to challenge the search warrant.**

Appellant states that he is entitled to PCRA relief because counsel was ineffective for failing to challenge a search warrant that Appellant believes was in violation of Pa. R.Crim.P. 202 and 206. Upon review of the record, it appears PCRA counsel meant to cite to Rules 205 and 206. Regardless, each of the rules will be reviewed in the interest of thoroughness.

3

Rule 202 sets forth that the district attorney of any county may require search warrants to be approved by an attorney for the Commonwealth prior to its filing. This rule has been adopted by the Bucks County Court of Common Pleas. *See* Bucks County Local Rule 202. Pennsylvania Rules 205 and 206 address the contents of a search warrant and the application. Both rules require a written affidavit be attached to the warrant that "certify that the issuing authority has found probable cause based upon the facts sworn to or affirmed before the issuing authority." Pa. R. Crim. P. 205(A)(7); *See* Pa. R. Crim. P. 206(6)(the "affidavit shall set forth specifically that facts and circumstances which form the basis for the *affiant's* conclusion that there is probable cause...").

An "affiant is any responsible person capable of taking an oath who signs, swears to, affirms, or when permitted by these rules, verifies a complaint and appreciates the nature and quality of that person's act." Pa.R.Crim.P. 103. Therefore, a proper affiant is typically a police officer who verifies a complaint by a citizen. *See Commonwealth v. Dobbins*, 934 A.2d 1170, 1182 (2007). No rule or case law requires a search warrant to contain an affidavit created by a citizen. While we agree this is an option, it is not mandatory nor is it standard practice in a criminal matter for an affiant to be a citizen.

On October 4, 2014, Officer Nicole Madden attached an Affidavit of Probable Cause to her Application for a Search Warrant. *See* Original Papers Received From Lower Court, 1/9/2015 at 16-18. The search warrant was issued in compliance with Rules 205 and 206. In the affidavit, the affiant set forth sufficient facts to establish probable cause. The complainant, Barbara White, had personal knowledge that Appellant possessed guns while he was a convicted felon and showed photos to the police of the Appellant with guns within a place she identified as Appellant's home. *Id.* at 17.

4

The address provided by Ms. White was verified by Officer Madden as being Appellant's address listed on his driver's license. *Id.* In addition, Officer Madden verified with Bucks County Court of Common Pleas and Falls Township Police Department that Appellant was convicted of a felony and therefore could not possess firearms. *Id.*

Prior to submitting the application to a judge, Officer Madden complied with the Bucks County local rule to have the application reviewed by the Bucks County District Attorney Office. N.T. 10/25/2017 at 63. ADA David Keightly approved the warrant to be taken to a judge. *Id.* Therefore, Appellant cannot claim that Rule 202 has been violated since the police complied with Bucks County local rule 202.

At the PCRA hearing, trial counsel, Mr. Penglase testified that he reviewed the search warrant with Mr. Mignogna. N.T. 10/25/2017 at 35. Mr. Penglase did not see a viable challenge to suppress the search warrant. In fact, counsel stated that he went over the search warrant with Appellant who indicated that Ms. White's statements in the search warrant were accurate and that there were no material misstatements from Officer Madden. *Id.* at 35-36.

There is no merit to Appellant's argument that counsel was ineffective. It is evident that counsel reviewed the search warrant which properly complied with Rules 202, 205, and 206. No affidavit from Barbara White had to be attached to the search warrant application. It was proper for Officer Madden to be the affiant in this case and sufficient facts were set forth for probable cause to be found by the issuing authority. Therefore, counsel was effective when he reviewed the search warrant that was in legal compliance with the rules.

**2. Trial counsel provided effective assistance during the guilty plea proceedings because Appellant was fully aware of what he was pleading to and the rights he was relinquishing as a result of the plea.**

An appellant that is challenging his guilty plea must "demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011)(citing *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). A guilty plea must be offered in open court and it must be voluntary, knowingly, and intelligently entered. *See* Pa.R.Crim.P 590. The judge must determine whether the plea should be accepted. Pa.R.Crim.P. 590(A)(2). The trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

Pa.R.Crim.P. 590, Comment.

Furthermore, an omission or defect in the guilty plea colloquy will not render the plea invalid "if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Yeomans* at 1047 (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314-15 (Pa. Super. 1993).

In the instant case, the Appellant was sworn prior to entering a guilty plea. In addition, the Court asked various questions to elicit that the Appellant could read, write, and speak English; Appellant stated he was not under any medications or substance that would affect his ability to understand what he was doing in court that day; and most importantly while the Appellant was under oath he swore that he reviewed the guilty plea with an attorney – Mr. Goodwin. N.T. 3/11/2015 at 3.

6

On the guilty plea colloquy, the Appellant initialed the bottom of each page, signed the back of the colloquy, and stated he understood the contents of each document and each provision. *Id.* at 4. The Court also informed the Appellant that he had an absolute right to trial and did not need to enter the guilty plea. *Id.* at 5. Appellant was notified he could face ten years in jail and was informed of the elements of the charges. *Id.* at 6. He was unequivocally made aware of what he was pleading guilty to during the proceeding. *See* N.T. 3/11/2015. After a reading of the facts, the following conversation occurred:

> The Court: And you agree you committed these offenses and you're guilty of the commission of these offenses; is that right?
> The Defendant: Yes.
> The Court: I do find that he has knowingly, voluntarily, intelligently waived his right to his trial and admitted to the facts as set forth in the recitation by the Commonwealth, and they are sufficient to make up the elements of these offenses. So I will accept the guilty plea.

N.T. 3/11/2015 at 9. It is clear from the transcript that proper procedure was followed during the guilty plea proceeding to ensure Appellant's guilty plea was voluntary, knowingly, and intelligently entered. The guilty plea was valid because Appellant "clearly and unequivocally acknowledged the facts leading to the criminal charges against him." *Yeomens* at 1048.

A valid guilty plea may be invalid if trial counsel was ineffective when the performance was so deficient that appellant's understanding of the written waiver was constitutionally impaired, "as well as proof that he would have elected a jury but for his lawyer's performance." *Commonwealth v. Mallory*, 941 A.2d 686, 702 (2008). "In circumstances like these, actual prejudice must be shown." *Id.*

Appellant would like this Court to believe his trial counsel was ineffective during the proceeding. However, Mr. Penglase is a qualified attorney who has been licensed for seventeen years and practiced almost exclusively criminal law. N.T. 10/25/2017 at 28-29. Mr. Penglase has handled over a hundred jury trials, numerous bench trials, litigated pretrial suppression motions, and filed appeals. *Id.* Since he has been a private defense attorney, he has "handled approximately 3,000 private clients." *Id.* Ninety-eight percent of those clients plead guilty. *Id.* at 30.

Appellant argues that Mr. Penglase never went over the colloquy with Appellant and therefore he did not understand what he was pleading to. N.T. 10/25/2017 at 11. However, at the PCRA hearing, Appellant contradicts himself by stating he understood the charge he was pleading guilty to but now believes he falls within an exemption. *Id.* at 12.

7

Appellant also states that he did not understand his rights because Mr. Penglase did not go over the plea on the date the Appellant filled it out. However, Mr. Penglase stated under oath that following the preliminary hearing but prior to the guilty plea date, he and Appellant met between two and four times and discussed the case over the phone. N.T. 10/25/2017 at 33. During these meetings, Mr. Penglase reviewed the discoverable materials with the Appellant, went over the elements of the offenses and sentencing guideline ranges, and discussed the possible warrant suppression issue. Mr. Penglase informed the Appellant that in his professional advice, a motion to suppress would not be successful and Appellant accepted that advice. *Id*. at 37, 45.

In the course of these conversations, Appellant was made aware that it was his decision to plead guilty and he indicated to counsel he wanted to plead guilty. *Id*. at 40. Counsel advised Appellant of the rights he was giving up in pleading guilty and counsel personally explained the contents of the written colloquy to the Appellant prior to the guilty plea date. *Id*.

On the day of the guilty plea, a separate attorney, Mr. Goodwin, reviewed the colloquy form with Appellant since Mr. Penglase was in another courtroom at that time. Regardless of who went over the specific colloquy with Appellant, Mr. Penglase's performance was not deficient. Mr. Penglase testified:

> You and I discussed all of your trial rights, the difference between a plea and a trial, the definition of the offenses. All of the material that is contained within the colloquy you and I discussed far in advance of the date of the plea. On the date when you actually filled out the plea, Michael Goodwin, Esquire, actually sat with you and filled out that colloquy.

N.T. 10/25/2017 at 23. Though Mr. Goodwin may not have been affiliated with Mr. Penglase's firm, he was a highly qualified attorney that rented office space from Mr. Penglase. Mr. Goodwin practiced almost exclusively criminal defense for over twenty-eight years and was certified to try capital cases. *Id*. at 23, 51.

During the PCRA hearing, Appellant testified that Mr. Goodwin never went over the colloquy form with him. N.T. 10/25/2017 at 76. This Court finds this statement unlikely as Appellant admits to initializing the bottom of each page of the colloquy and during the plea, Appellant answered yes to the Court's question as to whether he answered each question truthfully, understood the content, and signed the back page. *Id*. Appellant admits that during the guilty plea

8

he never told the Court or his attorney that he did not understand what he was doing. *Id.* at 43-44, 76.

Therefore, this Court rejects this claim because there is no supportive evidence aside from Appellant's own post-plea self-serving testimony. Additionally, the record and testimony by trial counsel contradict Appellant's claim. Furthermore, there is no actual prejudice because the Appellant readily admitted his guilt as to the elements of the offense, told counsel the statements in the search warrant were accurate, and admitted to possessing the firearms. N.T. 10/25/2017 at 45.

**3. Trial counsel could not assert a defense under 18 Pa.C.S.A. § 6105(d)(3)(ii) because both prongs were not satisfied prior to arrest.**

"A person who has been convicted of an offense enumerated in subsection (b)....shall not possess, use, control, sell, transfer, or manufacture or obtain a license to possess, use, control, sell, transfer, or manufacture a firearm in this Commonwealth." 18 Pa.C.S.A. § 6105(a)(1). However, some convicted felons may apply to the court of common pleas for relief from this statute if *each* of the following conditions is met:

> (i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.
>
> (ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act or the offense which resulted in the prohibition under 18 U.S.C. § 922(g)(9).

18 Pa.C.S.A. § 6105(d)(3)(i-ii). From a plain reading of the statute, it is clear that both prong (i) and (ii) must be met in order for a defendant to be exempt from the disability that prohibits him to have firearms.

In the instant case, the Appellant is correct in stating that it had been over thirteen years since his conviction. However, the Appellant never filed an application to be exempt from the disability. As such, counsel could not assert a defense under 18 Pa.C.S.A. § 6105(d)(3)(ii) because there is no merit to that defense. The filing for an exemption would have had to happen prior to

9

the arrest date on the instant case. N.T. 10/25/2017 at 22. No evidence was ever submitted during the guilty plea or PCRA proceedings that Appellant had indeed made such an application prior to his arrest and his application had been approved. Therefore, this claim is meritless and counsel is not found to be ineffective.

4. **During Counsel's investigation, he did not find any evidence to support Appellant's collusion claim between Barbara White and Police Department that would warrant further investigation.**

A lawyer is required to act with reasonable diligence while representing a client. Pa.R.P.C. Rule 1.3. A lawyer typically has "professional discretion in determining the means by which a matter should be pursued." Comment [1] to Rule 1.3. If a claim appears meritless, counsel does not need to pursue such an avenue.

Appellant argues that trial counsel was ineffective for failing to investigate collusion between witness Barbara White and the Tinicum Township Police Department. However, trial counsel stated that Appellant failed to provide any evidence, other than his opinion, as to this claim. N.T. 10/25/2017 at 49-50. In addition, counsel's conversations with Barbara White and thorough review of the evidence, discoverable materials, and facts of the case did not reveal any evidence that supported such an allegation. *Id.* While counsel found Barbara White and the police department to have contacts, he did not find anything inappropriate. *Id.* Therefore, it was counsel's tactical decision not to pursue a claim with no evidence.

Even if there was collusion between Barbara White and the Police Department, Appellant has not demonstrated "but for counsel's ineffectiveness there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Reaves,* 923 A.2d 1119, 1127 (2007). Here it is clear, the result would not have been different. Appellant admitted to counsel that Ms. White's statements in the search warrant were accurate. N.T. 10/25/2017 at 35-36. Furthermore, Appellant readily admitted his guilt to the offense and admitted that he had a prior conviction that prohibited him from possessing the firearms he had in possession. *Id.* at 38.

If the evidence of the guns was admissible at trial, there is an extremely high probability Appellant would have been found guilty regardless of the merit to the collusion claim. There was evidence that Appellant was a convicted felon who could not lawfully possess firearms. As his counsel phrased it at the PCRA hearing, "it's almost strict liability at that point once you match those two factors." *Id.* at 38-39. Therefore, even if the claim had merit, Appellant would have been

10

found guilty. As such, Appellant has failed to meet his burden in proving his claim for ineffective assistance of counsel.

## IV.    Conclusion

For the foregoing reasons, we find that the issues the Appellant raised in this appeal are without merit.

BY THE COURT:

DATE: _December 14, 2018_

JEFFREY L. FINLEY, P.J.

11

## COMMONWEALTH VS. SCOTT MIGNOGNA
### No. CP-09-CR-0000085-2015

**Copies Sent To:**

Matthew D. Weintraub, Esquire
District Attorney's Office
100 North Main Street
Doylestown, PA 18901
*Attorney for the Commonwealth*

Patrick J. McMenamin, Jr., Esquire
McMenamin & Margiotti
2307 North Broad Street
P.O. Box 180
Lansdale, PA 19446
*Attorney for the Defendant*